Dismissed and Memorandum Opinion filed January 29, 2009








Dismissed
and Memorandum Opinion filed January 29, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00013-CR

____________

 

MARK ANTHONY PARMER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
268th District Court

Fort Bend County,
Texas

Trial Court Cause No. 35,626

 



 

M E M O R A N D U M   O P I N I O N

After a
plea of guilty, appellant was convicted of the offense of injury to a child and
sentenced on July 29, 2002, to confinement for thirty years in the
Institutional Division of the Texas Department of Criminal Justice.  No timely
motion for new trial was filed. Appellant=s notice of appeal was not filed
until August 19, 2005.  Accordingly, this Court dismissed the appeal for want
of jurisdiction.  See Parmer v. State, No. 14‑05‑00950‑CR,
2005 WL 2674950 (Tex. App.CHouston [14th Dist.] Oct. 20, 2005, pet. ref=d) (not designated for publication).








Appellant
now attempts to appeal from the trial court=s order signed October 6, 2008,
denying his petition for disclosure of grand jury minutes.  Appellant=s notice of appeal was not filed
until December 12, 2008.

A
defendant=s notice of appeal must be filed within thirty days after sentence is
imposed or thirty days after the trial court enters an appealable order when
the defendant has not filed a motion for new trial.  See Tex. R. App. P. 26.2(a)(1).  A notice
of appeal that complies with the requirements of Rule 26 is essential to vest
the court of appeals with jurisdiction.  Slaton v. State, 981 S.W.2d
208, 210 (Tex. Crim. App. 1998).  If an appeal is not timely perfected, a court
of appeals does not obtain jurisdiction to address the merits of the appeal. 
Under those circumstances it can take no action other than to dismiss the
appeal.  Id.  

In
addition, only the Texas Court of Criminal Appeals has jurisdiction over
matters related to final post‑conviction felony proceedings.  See Ater
v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App.1991)
(orig. proceeding).

Accordingly,
the appeal is ordered dismissed.

 

PER
CURIAM

 

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore. 

Do Not Publish C Tex. R. App. P.
47.2(b).